**MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.**
**BY:  Melissa J. Brown, Esquire**
**Attorney I.D. 012882007**
**535 Route 38 East**
**Suite 501**
**Cherry Hill, NJ  08002**
**(856)663-4300**

**ATTORNEY FOR DEFENDANT
F.C. KERBECK & SONS (improperly
plead as F.C. Kerbeck Bentley)**

1929-107277 (MJB/JRS)

| | |
|---|---|
| Samantha Carter<br><br>        vs.<br><br>F.C. Kerbeck and Sons (improperly plead as F.C. Kerbeck Bentley) | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>CAMDEN VICINAGE<br><br>DOCKET NO.  1:19-cv-18035<br><br>CIVIL ACTION |

Answering Defendant, F.C. Kerbeck & Sons (improperly plead as F.C. Kerbeck Bentley), by way of Answer to Plaintiff's Complaint, responds as follows:

**I.**

**JURISDICTION, VENUE & NOTICE**

1.      Denied. Averments contained in this paragraph state conclusions of law to which no answer is required.

2.      Denied. Averments contained in this paragraph state conclusions of law to which no answer is required.

3.      Denied. Averments contained in this paragraph state conclusions of law to which no answer is required.

4.      Denied. Averments contained in this paragraph state conclusions of law to which no answer is required.

{NJ145751.1}

5.     Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

**WHEREFORE**, Answering Defendant demands judgment in their favor and against all other parties.

## II.

## PARTIES

6.     Denied.   After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

7.     Denied as stated.  F.C. Kerbeck & Sons has a principle address located at 100 Route 73 North, Palmyra, NJ 08065.

8.     The allegations contained in this paragraph of the Complaint are not directed to the Answering Defendant, and, accordingly, Answering Defendant offers no response to same. To the extent that an answer is deemed required, Answering Defendant denies any and all negligence or other actionable conduct to the extent such is alleged against Answering Defendant in this paragraph.

**WHEREFORE**, Answering Defendant demands judgment in their favor and against all other parties.

## III.

## FACTUAL BACKGROUND

9.     Denied.   After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

{NJ145751.1}

10.     Denied.

11.     Denied as stated. Admitted that Plaintiff test drove an Aston Martin.

12.     Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

13.     Denied. After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

14.     Denied that failed to receive a receipt and that she was ignored. As to the remaining averments in this paragraph, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

15.     Denied.

16.     The allegations contained in this paragraph of the Complaint are not directed to the Answering Defendant, and, accordingly, Answering Defendant offers no response to same. To the extent that an answer is deemed required, Answering Defendant denies any and all negligence or other actionable conduct to the extent such is alleged against Answering Defendant in this paragraph.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.   After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

22.     The allegations contained in this paragraph of the Complaint are not directed to the Answering Defendant, and, accordingly, Answering Defendant offers no response to same. To the extent that an answer is deemed required, Answering Defendant denies any and all negligence or other actionable conduct to the extent such is alleged against Answering Defendant in this paragraph.

23.     The allegations contained in this paragraph of the Complaint are not directed to the Answering Defendant, and, accordingly, Answering Defendant offers no response to same. To the extent that an answer is deemed required, Answering Defendant denies any and all negligence or other actionable conduct to the extent such is alleged against Answering Defendant in this paragraph.

24.     The allegations contained in this paragraph of the Complaint are not directed to the Answering Defendant, and, accordingly, Answering Defendant offers no response to same. To the extent that an answer is deemed required, Answering Defendant denies any and all negligence or other actionable conduct to the extent such is alleged against Answering Defendant in this paragraph.

25.     Denied.

26.     Denied.   After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

27.     (no averment as this number was skipped in the Complaint).

28.     Denied.

29.     Denied.

30.     Admitted that Plaintiff's funds were returned to her

31.     Denied.   After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

32.     Denied.

33.     Denied.   After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

34.     Denied.

35.     Denied.

36.     Denied.   After reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

## FIRST CLAIM: 42 USC § 1981

### Engaged in blatant racial discrimination

24 (sic). Denied.  Averments contained in this paragraph state conclusions of law to which no answer is required.

## SECOND CLAIM: 15 USC § 1691

### Adverse Action Against Plaintiff

No response to this averment is required as the claim was dismissed by the Court pursuant to Order dated 9/25/20.

## VII.

## PRAYER FOR RELIEF

81.     Denied.     As to Plaintiff's damages, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.  By way of further answer as to Plaintiff's damages, it is specifically denied that any such damages were caused by the carelessness, recklessness, or negligence of Answering Defendant.

**WHEREFORE**, Answering Defendant demands judgment in their favor and against all other parties.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter of Plaintiff's Complaint.

## THIRD AFFIRMATIVE DEFENSE

The allegations described in the Complaint were caused wholly or partly by the negligence or intentional acts of Plaintiff, and Plaintiff is barred from recovery or said recovery is reduced thereby.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to effect sufficient service of process upon the Answering Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed for failure to cause a Summons to be issued within ten (10) days after filing the Complaint.

{NJ145751.1}

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable Statute of Limitations and/or Laches.

## SEVENTH AFFIRMATIVE DEFENSE

The Answering Defendant owed no duty to Plaintiff at the time of Plaintiff's alleged injuries.

## EIGHTH AFFIRMATIVE DEFENSE

The Answering Defendant performed each and every duty owed to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

At all times relevant hereto, the Answering Defendant acted in a reasonable and proper manner.

## TENTH AFFIRMATIVE DEFENSE

All services rendered by the Answering Defendant were rendered in accordance with accepted standards and practices and not in a negligent manner.

## ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendant at all times relevant hereto complied with all federal, state and local statutes, regulations and/or ordinances in effect.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from enforcing more stringent regulations and/or requirements than were in effect at the time of the alleged offense.

## THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendant claims the benefit of any privileges or immunities available under statutory and/or common law whether Local, State or Federal law.

{NJ145751.1}

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred by her failure to mitigate damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

If the damages of Plaintiff are true and proven, which are denied, then such damages were caused by conditions over which the Answering Defendant had no control.

## SIXTEENTH AFFIRMATIVE DEFENSE

If the damages of Plaintiff are true and proven, which are denied, then such damages were not caused by any conduct of Answering Defendant, which was secondary and passive, but were caused by the primary and active conduct of third parties over whom the Answering Defendant had no control.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred in whole or in part by the Entire Controversy Doctrine.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred by the doctrines of arbitration and award, estoppel, res judicata, and/or waiver.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited due to the material acts, statements, omissions, representations, and misrepresentations on which Answering Defendant relied to its detriment.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by her failure to cooperate with Answering Defendant.

{NJ145751.1}

## TWENTY-FIRST  AFFIRMATIVE  DEFENSE

Plaintiff's  claims  are barred and/or limited  by the provisions  of 42 U.S.C. §1981.

## TWENTY-SECOND  AFFIRMATIVE  DEFENSE

If any contract was breached, it was breached by Plaintiff  and not Answering  Defendant.

## TWENTY-THIRD  AFFIRMATIVE  DEFENSE

Plaintiff's  claims  are barred and/or limited  by avoidable  consequences.

## TWENTY-FOURTH  AFFIRMATIVE  DEFENSE

Plaintiff  assumed  the risk.

## TWENTY-FIFTH  AFFIRMATIVE  DEFENSE

Plaintiff's  claims  are barred by statutory  and/or common  law.

## TWENTY-SIX  AFFIRMATIVE  DEFENSE

Answering  Defendants  did not racially  discriminate  against Plaintiff.

## TWENTY-SEVENTH  AFFIRMATIVE  DEFENSE

Answering  Defendant  hereby  reserves  the  right  to interpose  such  other  defenses  as discovery  may disclose.

## DEMAND FOR SERVICE OF PLEADINGS  AND DISCOVERY

Pursuant  to *Fed R. Civ. P.* 26 and 34, the undersigned  hereby  makes a continuing  demand that each party provide copies of any pleadings,  discovery  request,  or other papers or response thereto.

## DEMAND FOR PRODUCTION  OF DOCUMENTS

Pursuant  to *Fed. R. Civ. P.* 34, Answering  Defendant  hereby  demands  production  of all documents  referred to in the Complaint  within  thirty  (30) days of the date of service of this demand.

{NJ145751.1}

## CERTIFICATION  PURSUANT  TO  R. 4:5-1(b)(2)

I, to the best of my knowledge,  do hereby certify  that this matter  is not the subject of any

other Cause of Action pending  in any other Court, or pending Arbitration Proceeding or Cause of

Action  anticipated.

## DESIGNATION  OF TRIAL  COUNSEL

**PLEASE  TAKE  NOTICE** that Melissa  J. Brown, Esquire  is hereby  designated  trial

counsel.

## JURY DEMAND

Defendant,  F.C. Kerbeck & Sons hereby demands  a trial by jury on all issues.

> **MARKS, O'NEILL, O'BRIEN,**
> **DOHERTY & KELLY, P.C.**
>
> */s/ Melissa J. Brown*
> Melissa  J. Brown, Esquire
> Attorney  for Defendant,
> F.C. Kerbeck & Sons

Date:  October 13, 2020

{NJ145751.1}